Charles M. GATES, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.

No. 82–2091.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1983.

Decided Aug. 2, 1983.

Rehearing and Rehearing En Banc Denied Sept. 1, 1983.

Thomas E. Dittmeier, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, Robert VanNorman, Atty., Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Timothy H. Battern, Law Offices of Alan D. Teitelbaum, St. Louis, Mo., for appellant.

Before J.R. GIBSON and FAGG, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Charles Gates appeals from the district court's order granting summary judgment in favor of Richard Schweiker, the Secretary of Health and Human Services. The Secretary denied Gates' application for social security benefits, finding that Gates was not significantly limited in his ability to perform basic work activities and that Gates failed to prove that he was under a "disability" within the meaning of the Social Security Act. *See* 42 U.S.C. § 423(d).

Gates claims he is suffering from disabling left foot pain resulting from a heavy piece of metal falling on his heel while employed by the United States Postal Service. On appeal, Gates argues that the record does not support the Secretary's finding.

After a careful review, we find that there is substantial evidence appearing on the record as a whole to support the Secretary's decision that Gates' impairment is not severe and he is able to do his previous work. This evidence includes but is not limited to the opinion of Dr. Milgram, an orthopedic surgeon, examining Gates at the request of the United States Department of Labor, who states that Gates suffered a partial laceration of his heel and the Achilles tendon. In this doctor's opinion, the tendon condition is now healed and Gates should be able to perform normal work duties. Dr. Milgram stated:

> It is my opinion this patient has only had a partial laceration of the Achilles' tendon which has healed a long time ago and has normal Achilles' tendon function. I find no evidence of any abnormalities whatsoever in this fellow's ankle. * * *
>
> He should be able to perform normal duty.

The administrative law judge considered Gates' subjective complaints of pain but justifiably discounted his testimony in light of other evidence in the record. Notably, there was a lack of clinical support for Gates' complaint of disabling pain. Dr. Milgram stated that Gates' symptomatology seemed greatly exaggerated by a hereditary bunion deformity. Gates himself testified that he was not under a doctor's care and was not taking any prescription medications. It is appropriate for a reviewing court to take into account the administrative law judge's determinations regarding witness credibility. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir. Rule 14.